# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

KIMBERLY M. STEFFY,

    Plaintiff,

    v.                                                         Case No. 05-C-0204

COLE VISION CORPORATION,

    Defendant.

## DECISION AND ORDER

On February 18, 2005, the plaintiff filed this action alleging that the defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. On June 29, 2005, following a telephone conference with the parties, the court entered a scheduling order which required the plaintiff to disclose expert witnesses with reports by September 30, 2005. The defendant was to depose the plaintiff's experts and name its experts with reports by December 1, 2005. All discovery was to be completed by February 1, 2006.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

The defendant filed a motion to strike the plaintiff's expert and expert report on the grounds that the plaintiff's disclosure of her expert witness was untimely and that the expert's report was substantially insufficient under Fed. R. Civ. P. 26(a) and Civil Local Rule 26.1(b) (E.D. Wis.). In opposing the motion, the plaintiff asserts that she was "fooled and tricked with respect to the time limits involved in this case" because she was involved in a good faith effort to settle the case and reasonably believed that the time limits were thereby waived and that counsel would stipulate to further time limits if settlement was not successful." (Brief in Support of Plaintiff's Request to Extend Deadlines and Opposing the Striking of Plaintiff's Expert Report and Proposed Testimony [Plaintiff's Response] at 1). The defendant's motion will be addressed herein.

At the outset, the court notes that the basic facts are not in dispute. A scheduling order was entered which required the plaintiff to name her expert witnesses by September 30, 2005. The plaintiff did not name experts by that date. The parties disagree as to when the issue of settlement was first raised. According to counsel for the plaintiff, he received a letter from defendant's counsel which has been misplaced indicating that the parties should attempt settlement of the case before incurring the cost, time and other incidents conducting discovery. (Affidavit of Walter Stern in Opposition to Cole Vision's Motion to Strike Plaintiff's Alleged Expert [Stern Affidavit], ¶ 15). To the contrary, counsel for the defendant stated that he first discussed settlement with the plaintiff's counsel in early October 2005, at which time he requested a written demand from the plaintiff. (Affidavit of Mark J. Chumley in Support of Defendant's Motion to Strike Plaintiff's Expert and Expert Report [Chumley Affidavit], ¶ 4). On

- 2 -

Case 2:05-cv-00204-PJG   Filed 08/16/06   Page 2 of 9   Document 39

October 20, 2005, plaintiff's counsel forwarded a demand letter to the defendant's counsel.

## ANALYSIS

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides the framework for determining whether a witness should be excluded when a party fails to comply with the court's order under Rule 26(a). Saudi v. Valmet-Appleton, Inc., 219 F.D.R. 128, 132 (E.D. Wis. 2003). The exclusion of non-disclosed evidence required by Rule 26(a) or 26(e)(1) is mandatory and automatic under Rule 37(c)(1), unless non-disclosure was substantially justified or harmless. Musser v. Gentiva Health Services, 356 F.3d 751, 758 (7th Cir. 2004); Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

The "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 [7th Cir. 1996]). "A court does not abuse its discretion unless . . . (1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." Musser, 356 F.3d at 755 (quoting Sherrod v. Lingle, 223 F.3d 605, 610 [7th Cir. 2000]).

In determining the existence of a substantial justification or the harmlessness of a failure to disclose, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence of an earlier date." David, 324 F.3d at 857.

- 3 -

The court is mindful that "[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits."  Salgado v. General Motors Corp., 150 F.3d 735, 740 (7th Cir. 1998) (quoting Schilling v. Walworth County Park and Planning Comm'n., 805 F.2d 272, 275 [7th Cir. 1986]).  Furthermore, as the court stated in Salgado, 150 F.3d at 739: "Depriving the parties of a merits disposition is a serious business."

The defendant asserts that the plaintiff cannot establish substantial justification for failing to timely disclose her expert witness, stating that the plaintiff's claims regarding settlement discussions are inaccurate and misleading.  The defendant maintains that the failure to properly disclose the expert is not harmless and that the application of the four relevant factors supports the defendant's position.

The plaintiff counters that counsel believed the time limits were waived because of the settlement discussions and that opposing counsel would stipulate to further time limits if settlement was not successful.  She further asserts that there was substantial justification for her to believe that the parties could stipulate to an extension of the discovery deadline.

The plaintiff provides an explanation for her failure to name her expert with a report in a timely fashion.  However, the court finds that this explanation does not offer substantial justification for the failure to comply with the court's scheduling order.  Orders of the court are meant to be followed and can only be modified with the approval of the court.   The plaintiff readily could have sought an extension of the expert disclosure date.  The fact that the parties were pursuing settlement does not negate the court's order, nor would a stipulation entered into by the parties to extend discovery without approval by the court.  The court has an independent responsibility to ensure that cases before it proceed to final disposition in a fair and expeditious fashion.  The plaintiff's ad hominem attacks on opposing counsel (see

- 4 -

Plaintiff's Brief in Opposition to Defendant's Motion to Strike [Plaintiff's Brief] at 3) are unwarranted and unhelpful to a reasoned resolution of the issue before this court.

Although the court has concluded that the plaintiff's untimely disclosure of her expert witness was not substantially justified, the court must also consider whether such untimely disclosure was harmless. David, 324 F.3d at 857; Salgado, 150 F.3d at 742. The identification of Dr. Braam merely as a witness is not sufficient to put the defendant on notice that she would actually serve as an expert witness. Musser, 356 F.3d at 757. ("Formal disclosure of experts is not pointless." Knowing an opponent's expert witnesses allows a party to properly prepare for trial.").

There is no indication of bad faith on the part of the plaintiff in failing to designate her expert and her report at an earlier date. Counsel apparently believed either that settlement discussions could toll the discovery disclosure date or that opposing counsel would stipulate to an extension. (As previously noted, the plaintiff did not take into account that the parties were ordered to disclose expert witnesses by a specified date).

No trial date has been set in this case. However, a delay in the completion of discovery will impact and delay the final resolution of this action. Although the defendant has been prejudiced by the plaintiff's untimely disclosure, the court concludes that the prejudice can be mitigated. In reaching this conclusion, the court does not mean to condone the plaintiff's actions. Nonetheless, given the plaintiff's lack of bad faith in failing to timely name her expert witness and upon consideration of the other relevant factors, the court concludes that, on balance, the plaintiff's Rule 26(a)(2) violation was harmless.

The court must next address the defendant's challenge to the plaintiff's treating expert's report which it characterized as sketchy, vague and non-compliant with Rule 26(a)(2)(B) and

- 5 -

Civil L.R. 26.1(b). The plaintiff maintains that the treating psychologists' report "is as complete and detailed as possible under the circumstance" considering her lack of experience with the judicial process. (Plaintiff's Response Brief at 5). She also contends that a treating psychologist is not an expert who is retained or specifically employed to provide expert testimony and, therefore, is not required to submit a report under Rule 26(a)(2)(B). The plaintiff maintains that the local rule, which requires the pretrial disclosure of an expert's report, including a treating expert, is in conflict with the federal rule.

With respect to the substance of Dr. Braam's report, Fed. R. Civ. P. 26(a)(2)(B) provides that except as otherwise stipulated or directed by the court, the disclosure of the expert shall:

> be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

See also, Civil Local Rule 26.1(a), which specifically provides that disclosure of expert testimony includes "expert witness evidence of hybrid fact/expert witnesses such as treating physicians."

"Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Salgado, 150 F.3d at 741 n.6 (citation omitted). The court further explained:

> The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be

- 6 -

Case 2:05-cv-00204-PJG   Filed 08/16/06   Page 6 of 9   Document 39

>   sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.

Id.

The defendant is correct in its assertion that the plaintiff's expert witness report is inadequate under Fed. R. Civ. P. 26(a)(2)(B). Dr. Braam's report fails to meet the requirements of the rule. Dr. Braam states, for example, that "if the proposed accommodations, or at least some of them, were implemented, then the [plaintiff] would be able to stay at her job." (Stern Aff., Exh. H, Letter Report of Cassandra Braam, Ph.D., dated January 10, 2006, at 1). She provides no information about which proposed accommodations were essential for the plaintiff to remain at her job and why. She opines that it should have been clear to Mr. Bowles, the plaintiff's supervisor, that without accommodations, the plaintiff was stating that she would not be able to cope or effectively do her job. However, Dr. Braam acknowledges that she never discussed the proposed accommodations with Mr. Bowles. Dr. Braam further asserts that the plaintiff's supervisor "refused, ignored, insulted, or simply did not try to implement any of these proposed accommodations," but provides no basis or specific conduct to support this assertion. Id.

Dr. Braam states that her opinion is "based on [her] work with other such clients and with [the plaintiff]," but she fails to provide any information about these other clients and how their situations are relevant here. Dr. Braam's opinion is vague and conclusory and fails to set forth the basis for her expert opinion. See Salgado, 150 F.3d at 741 n.6. Accordingly, her report is insufficient.

As noted, the plaintiff maintains that Dr. Braam, as a treating psychologist, need not file a report under Rule 26(a)(2)(B). Expert testimony is so designated by its reliance on

- 7 -

"scientific, technical or other specialized knowledge." Fed. R. Evid. 702. A treating doctor or other similarly situated witness provides expert testimony "if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge,' regardless of whether those opinions were formed during the scope of interaction without a party prior to litigation. Musser, 356 F.3d at 757 n.2 (citing O'Connor v. Commonwealth Edison Co., 13 F.3d 1090, 1105 n.14 [7th Cir. 1994] [noting that treating physicians are not exempt from the requirements of Rules 702 and 703 because "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation."]). Moreover, the Advisory Committee Notes for Rule 26 (1993 Amendments) specifically state: "By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702."

Both Civil L.R. 26.1 and the court's scheduling order of June 30, 2005, require the parties to disclose the reports of expert witnesses, including treating experts. The plaintiff's contention that the local court rules conflict with Fed. R. Civ. P. 26(2)(B) is without merit. Accordingly, the plaintiff's expert was required to disclose her expert report as ordered by the court.

Since the court has concluded that the plaintiff's failure to timely disclose her expert witness was harmless, the defendant's motion to strike the plaintiff's expert and expert report will be denied. However, in order for her expert to testify at trial, the plaintiff must file a new expert report which comports with the requirements for such reports as set forth in Fed. R. Civ. P. 26(a)(2)(B). See also, Salgado, 150 F.3d at 741. Such report must be filed by September 15, 2006. Failure to file the report by that date will result in exclusion of the expert's testimony at trial. The defendant will have until November 15, 2006 to depose the plaintiff's expert and

- 8 -

Case 2:05-cv-00204-PJG   Filed 08/16/06   Page 8 of 9   Document 39

name its own expert. The plaintiff will have until December 15, 2006, to depose the plaintiff's expert. The court will conduct a telephone status conference on December 19, 2006, at 2:00 p.m. to discuss further proceedings in this case. The court will initiate the conference call.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to strike the plaintiff's expert and expert report be and hereby is **denied.** (Docket #27).

**IT IS FURTHER ORDERED** that the plaintiff shall file a new expert report which comports with the requirements of Fed. R. Civ. P. 26(a)(2)(B). Such report must be filed by **September 15, 2006**. Failure to file the report by that date will result in exclusion of the expert's testimony at trial.

**IT IS ALSO ORDERED** that the defendant shall depose the plaintiff's expert and name its own expert by **November 15, 2006**. The plaintiff shall depose the defendant's expert by **December 15, 2006**.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephone status conference with the court on **December 19, 2006, at 2:00 p.m.** The court will initiate the conference call.

Dated at Milwaukee, Wisconsin this 15th day of August, 2006.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge